UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50098-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING IN PART** |
| vs. | ) | **AND DENYING IN PART** |
| | ) | **DEFENDANT'S MOTION** |
| ROMAN WHITE CALF, | ) | **IN LIMINE** |
| | ) | |
| Defendant. | ) | |

The above-captioned case is scheduled for a jury trial tomorrow, January 13, 2009. This morning, Defendant filed a motion in limine seeking to exclude three categories of evidence. Docket 24. For the reasons stated above, the Court grants in part and denies in part Defendant's motion in limine.

Given the short time prior to trial, the Court spoke with the Government to determine whether or not it objects to Defendant's motion in limine. The Government told the Court that it objected to the motion due to timeliness, given that the Court's scheduling order set a deadline January 6, 2009, for pretrial motions. Regarding the first two categories of evidence, the Government has no further objection to their exclusion, as it did not intend to introduce such evidence. Therefore, the Court grants Defendant's motion to exclude evidence regarding his criminal record and evidence regarding other sexual assault offenses under Federal Rule of Evidence 413. Docket 24, page 1-3.

Defendant's final request is to exclude evidence relating to alleged threats of violence Defendant made to the victim. It appears that the victim will testify

about statements Defendant allegedly made that his relatives would beat up the victim if she cooperated in the criminal investigation.  Docket 24, page 3-4. Defendant seeks to exclude this evidence because the allegations are "unreliable" and "unsubstantiated," and he argues that this is Rule 404(b) type evidence "that is offered strictly to prejudice White Calf" or it is bad character evidence which is prohibited under Rule 404(a).  Id. at 4.

Defendant's arguments regarding the reliability of such statements do not require the Court to exclude the evidence altogether, as such arguments as Defendant makes in his motion are properly made to the jury during cross-examination of the witness.  Further, such evidence is probative to the question of Defendant's guilt, since "[e]vidence of a defendant's threat against a witness is admissible to show consciousness of guilt." United States v. Chauncey, 420 F.3d 864, 875 (8th Cir. 2005) (citing United States v. Montana-Gudino, 309 F.3d 501, 505 (8th Cir. 2002)).  Further, testimony of threats to the victim is not evidence of a bad act under Federal Rule of Evidence 404, but instead is admissible as an admission by the Defendant.  Id.  As the Court believes that any alleged threats made by Defendant against the victim are probative to the issues before the jury, and this probative nature is not outweighed by the danger of unfair prejudice, the Court denies Defendant's motion to exclude.  Therefore, such evidence is admissible if it is introduced properly.

Therefore, good cause appearing, it is hereby

ORDERED that the Defendant's motion in limine, Docket 24, is GRANTED IN PART and DENIED IN PART in accordance with this order.

Dated January 12, 2009.

BY THE COURT:

/s/ Andrew W. Bogue
ANDREW W. BOGUE
SENIOR DISTRICT JUDGE