UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50098-01-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION FOR |
| ROMAN WHITE CALF, | ) | NEW TRIAL |
| Defendant. | ) | |

Defendant, Roman White Calf, moves for a new trial on the grounds that the court did not give a limiting instruction to the jury on the proper use of evidence admitted over White Calf's hearsay objections. The United States resists White Calf's motion.

**FACTUAL BACKGROUND**

The indictment charges White Calf with sexual abuse of a minor. (Docket 1.) The central issue in the trial was whether White Calf reasonably believed that the victim was 16 years old or older at the time the sexual act occurred. Throughout the trial, White Calf objected to the admission of a witness's out-of-court statements pertaining to her disclosure of the victim's age to White Calf prior to the alleged sexual abuse. White Calf argued that such statements were hearsay. The court overruled the objections. The court found that the statements were offered for the non-hearsay purpose of putting White Calf on notice that the victim was under the age of 16. White Calf never asked for a limiting instruction on how the jury should consider the testimony. The jury found White Calf guilty of sexual abuse of a minor on July 23, 2009. (Docket 68.) This motion for a new trial followed.

**DISCUSSION**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Under Rule 33, the court has the authority to "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002). Nonetheless, the "court may grant a new trial under Rule 33 only if the evidence weighs so heavily against the verdict that a miscarriage of justice may have occurred." United States v. Starr, 533 F.3d 985, 999 (8th Cir. 2008) (internal quotations omitted). "Unless the [] court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." Campos, 306 F.3d at 579.

**I.      Whether the Court Erred in Admitting the Testimony Over White Calf's Objections.**

White Calf's motion for a new trial appears to be premised in part on an argument that the statements were erroneously admitted over White Calf's objections. But the particular statements that White Calf believes were erroneously admitted over his objections are not identified with any particularity. Generally, the testimony is described to be "about what various witnesses purportedly told [White Calf] during the night's progression about the victim's age." (Defendant's Mem., Docket 78, at 2.)

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (emphasis added). Thus, when

2

testimony that repeats an out-of-court statement is <u>not</u> offered to prove the truth of the matter asserted in the statement, then the testimony is <u>not</u> hearsay.

The out-of-court statements were used in this case for the non-hearsay purpose of showing that White Calf had knowledge of the victim's actual age at the time of the incident. White Calf acknowledges that the statements at issue purportedly informed White Calf about the victim's actual age. (Defendant's Mem., Docket 78, at 2 ("The government presented critical testimony about what various witnesses purportedly told [White Calf] during the night's progression about the victim's age.").)

While the exact nature of the testimony is not clear because White Calf fails to identify any of the objectionable testimony with particularity, it appears that the testimony offered at trial was along the lines of, "I told Mr. White Calf that the victim was under sixteen." Thus, the testimony about the victim's age was not admitted in violation of the hearsay rule because the statements were admissible to show that White Calf had knowledge or notice of the victim's age by hearing those statements about the victim's age prior to the incident. See Czajka v. Hickman, 703 F.2d 317, 320 (8th Cir. 1983) ("[The] statements were not offered to prove the truth of the matter asserted, *i.e.*, that [the plaintiff] hit [the third party]. Rather, they were offered to prove that the defendants had good cause to believe [that the plaintiff] was a risk to the security and safety of other prisoners[.]"); United States v. Conley, 523 F.2d 650, 654-55 (8th Cir. 1975) (noting that testimony was not hearsay when "offered to show that the statements were

3

made in [the defendant's] presence and was relevant whether or not the statements were true or accurate"); see also Dunham v. Midwest Trucking & Transp., Inc., 2009 WL 3254468, at *5 (W.D. Mo. October 7, 2009) (rejecting argument that statement in CDL Drivers Manual that stated " 'If you must drive slowly, alert following drivers by turning on your emergency flashers if it is legal' " was hearsay because the statement was used to show that "[d]efendants had notice or knowledge that operating a truck and trailer at a slow speed without using emergency flashers could pose danger" (citations omitted)).  Thus, it was not error to admit the statements into evidence.

## II.     Whether the Court Erred by Not Giving a Limiting Instruction.

White Calf also argues that the court erred in failing to give an instruction to the jury on the limited use of the testimony.  White Calf relies primarily on United States v. Lipscomb, 425 F.2d 226 (6th Cir. 1970), in arguing "that the failure of the trial judge to limit through cautionary instructions the jury's consideration of these extra-judicial statements" requires a new trial.  Id. at 227.  The United States responds by arguing that White Calf should have requested a limiting instruction when given the opportunity to do so.

Generally, it is not error for the court not to give a limiting instruction when defense counsel fails to request one.  See Conley, 523 F.2d at 655 ("[W]e note the absence of a limiting instruction and the failure of defense counsel to request one. . . . [A]bsent a specific defense request, failure to instruct the jury of the limited purpose for which it could consider these out-of-court statements was not error." (citing United States v. Blount, 479

F.2d 650, 651 (6th Cir. 1973)). "In order to preserve the issue of whether a particular jury instruction should or should not have been issued, an attorney must make a timely objection, explaining the grounds upon which the instruction should or should not issue." United States v. Kirkie, 261 F.3d 761, 770 (8th Cir. 2001). Because White Calf did not request a limiting instruction, a new trial is appropriate only if it was plain error not to give a limiting instruction. See United States v. Aranda, 963 F.2d 211, 216 (8th Cir. 1992) ("As no such [limiting] instruction was requested at trial, we review this issue only for plain error[.]").

White Calf cites to three non-Eighth Circuit cases to support his argument that the court committed plain error by not giving a limiting instruction *sua sponte*. See United States v. Ragghianti, 560 F.2d 1376 (9th Cir. 1977); United States v. Sisto, 534 F.2d 616 (5th Cir. 1976); United States v. Lipscomb, 425 F.2d 226 (6th Cir. 1970). White Calf does not identify any Eighth Circuit opinion holding that it was plain error for a trial court not to give a limiting instruction when none was requested. Rather, Eighth Circuit precedent establishes that it is not plain error for a trial court not to give a limiting instruction when counsel fails to request one. See United States v. Lemon, 239 F.3d 968, 972 (8th Cir. 2001) ("But no such [limiting] instruction was requested, and the court's failure to give one *sua sponte* was not plain error."); United States v. Perkins, 94 F.3d 429, 435-36 (8th Cir. 1996) ("[W]e have never found it to be plain error when a court does not give a limiting instruction of any kind *sua sponte* with respect to Rule 404(b) type evidence." (citations omitted)); Conley, 523 F.2d at 655

5

(noting that "absent a specific defense request, failure to instruct the jury of the limited purpose for which it could consider these out-of-court statements was not error." (citations omitted)).  A limiting instruction may not be appropriate when there is no request for one because counsel may intend to refrain from drawing unwanted attention to the testimony as part of a trial strategy.  Conley, 523 F.2d at 655 (noting that the "failure of defense counsel to request" a limiting instruction "may have been a trial tactic designed to prevent the underscoring of the testimony by the District Judge").

Moreover, based on the circumstances surrounding this case, even if the court committed an error by failing to give a limiting instruction without White Calf requesting one, that error did not amount to plain error.  In United States v. Cotton, 535 U.S. 625 (2002), the United States Supreme Court reaffirmed that in order for there to be "plain error," it must be shown that there was "(1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.' " Id. at 631 (inner quotations and citations omitted).  Then "[i]f all three conditions are met," the error is plain error "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (inner quotations and citations omitted).

Even if it was error for the court not to give a limiting instruction, that error did not affect White Calf's substantial rights.  The test for whether a defendant's substantial rights were affected involves determining whether the outcome of the proceedings would have been different had a limiting instruction been given.  Id. at 632 ("[The third inquiry] usually means that

6

the error 'must have affected the outcome of the district court proceedings.' " (quoting United States v. Olano, 507 U.S. 725, 734 (1993)).

The outcome of this case would not have been different if a limiting instruction had been given. This is because the primary issue in the trial was whether White Calf reasonably believed that the victim was sixteen years old or older. (Defendant's Mem., Docket 78, at 1 ("The real issue at trial was whether [White Calf] reasonably believed that the minor was 16 years or older at the time that the sexual act occurred.").) The jury was specifically instructed on this issue. (Final Instructions to the Jury, Docket 70, at 4.) Thus, in order for White Calf to have been found guilty, the jury must have found that White Calf did not reasonably believe that the victim was sixteen years old or older at the time of the offense.

Whether or not a limiting instruction was given, the jury would have likely found that White Calf did not reasonably believe that the victim was sixteen years old or older because he had knowledge or was made aware of the victim's age before the sexual act occurred and was therefore guilty. A limiting instruction would not have prevented the jury from relying on the testimony in question to conclude that White Calf could not have reasonably believed that the victim was sixteen years old or older because the testimony's non-hearsay purpose was to show that he was made aware of the victim's age. Thus, if the jury was instructed not to consider the statements for the truth of the matter asserted, *i.e.*, the victim's age, the testimony could still have been properly used by the jury to determine that White Calf had knowledge or notice of the victim's age prior to the incident

7

and therefore could not have reasonably believed that she was sixteen years old or older. Thus, even if a limiting instruction was given, the jury's verdict would still have been guilty.

Moreover, the actual age of the victim was not disputed, and other evidence about the victim's age had been admitted without objection. It is therefore unlikely that the jury considered the testimony for the truth of the matter asserted, namely, the victim's age. If the jury relied on the testimony for anything, it was likely for the purpose of determining whether White Calf could have reasonably believed that the victim was sixteen years old or older after hearing those statements on the night in question. If the jury did rely on the out-of-court statements to determine the victim's age, such hearsay use of the testimony would have been cumulative and would not have affected the outcome of this case. See United States v. Campbell, 937 F.2d 404, 408 (8th Cir. 1991) ("[T]he disputed testimony was at most cumulative and its admission did not affect [the defendant's] substantial rights.").

Finally, White Calf's reliance on three non-Eighth Circuit cases of United States v. Ragghianti, 560 F.2d 1376 (9th Cir. 1977), United States v. Sisto, 534 F.2d 616 (5th Cir. 1976), and United States v. Lipscomb, 425 F.2d 226 (6th Cir. 1970), is misplaced. Those cases involved the distinct possibility that the jury inappropriately relied on testimony that was only admissible for impeachment purposes to arrive at a conclusion about a heavily disputed issue. See Ragghianti, 560 F.2d at 1380-81 (involving impeachment testimony that could have been inappropriately utilized by the jury to determine a substantive issue); Sisto, 534 F.2d at 623-26 (same);

8

Lipscomb, 425 F.2d at 227 ("Here, the testimony brought out during the impeachment process established in large measure the substantive elements of the crime which the government was required to prove[.]"). In this case, however, an improper use of the testimony–determining the victim's actual age–would not have affected the outcome because the age of the victim was undisputed.

## CONCLUSION

White Calf's motion for a new trial is denied because the court did not err in admitting the testimony about out-of-court statements that disclosed the victim's age in the presence of White Calf. It was also not error for the court not to give a limiting instruction *sua sponte*. Finally, even if it was error, it was not plain error because the outcome would have been the same regardless of whether a limiting instruction was given.

Accordingly, it is hereby

ORDERED that defendant's motion for a new trial (Docket 77) is denied.

Dated October 22, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE